# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Jody Heath, Anita Varner, Tiffany Evans, Pam Schueller and Valerie Cline,

        Plaintiffs,

v.

Midland Funding, LLC and Midland Credit Management, Inc.

        Defendant.

Case No. **'14CV0313 JM  KSC**

**CLASS ACTION COMPLAINT**

**JURY DEMAND ENDORSED HEREIN**

## PARTIES

1. Plaintiffs, Jody Heath ("Jody"), Anita Varner, ("Anita"), Tiffany Evans (Tiffany), Kenneth Evans (Kenneth), Valerie Cline, ("Valerie") and Pam Schueller, ("Pam") are consumers.

2. Defendant, Midland Funding, LLC, and Midland Credit Management Inc. (collectively hereinafter "Midland") maintain their principal place of business in San Diego, California, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1367(a), this Court has federal question jurisdiction over Plaintiffs' Telephone Consumer Protection Act ("TCPA") claims.

5. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides in this District.

## STATEMENT OF FACTS RELATED TO ANITA VARNER

6. Before MCM began contacting Anita, it and Anita had no prior business relationship and Anita had never provided express consent to MCM to be contacted on her cellular telephone.

7. MCM regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of MCM's revenue is debt collection.

9. MCM is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, MCM contacted Anita to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Anita is a "consumer" as defined by 15 U.S.C. §1692a(3).

13.  On several occasions, the dates of which will be discovered through discovery, MCM willingly and knowingly used an automatic telephone dialing system to call Anita on her cellular phone multiple times in violation of the TCPA.  Plaintiffs will likely have evidentiary support after a reasonable opportunity for further investigation or discovery to prove this fact.

14. MCM contacted Anita on her cellular telephone approximately 50 times.

15. Around January 2013, MCM began contacting Anita on her cellular telephone in connection with the collection of a debt.

16. On one occasion, MCM called Anita on her cellular telephone, on the hour for six hours, during working hours.

17. MCM attempted to collect a debt from Anita by calling her excessively on her cellular telephone.

18. Around June 2013, Anita became unemployed.

19. During one communication, Anita informed MCM she was unemployed and could not make any payments.

20. During this communication, Anita requested MCM cease further calls to her.

21. Despite this notice, MCM continued to call Anita on her cellular telephone in connection with the collection of a debt throughout June and July 2013.

22. On some occasions, MCM left rude automated messages stating something substantially similar to, "This call is for Anita Varner!  If this is not Anita Varner, hang the phone up right now!"

23. On at least five occasions, Anita again requested MCM cease further calls to her.

24. MCM caused Anita severe emotional distress.

25. MCM attempted to collect a debt from Anita.

26. MCM violated the FDCPA.

27. MCM violated the TCPA.

## STATEMENT OF FACTS RELATED TO PAM SCHUELLER

28. Before Midland began contacting Pam, it and Pam had no prior business relationship and Pam had never provided express consent to Midland to be contacted on her cellular telephone.

29. Midland made around 18 calls from # 800-265-8825 on her cellular phone by willingly and knowingly using an automatic telephone dialing system such as a predictive dialer to call Pam on her cellular phone multiple times in violation of the TCPA. Plaintiffs will likely have evidentiary support after a reasonable opportunity for further investigation or discovery to prove this fact.

30.  Pam looked up the number online and learned that the calls were from Midland.

31.  Websites such as http://whocallsme.com/Phone-Number.aspx/8002658825 report that Midland is using this number to make calls in violation of the TCPA to numerous other consumers.

32. Pam picked up one of the calls on Sept 30th and the representative on the phone confirmed that it was Midland Credit Management.

**STATEMENT OF FACTS RELATED TO JODY HEATH**

33. Jody is a "consumer" as defined by 15 U.S.C. §1692a(3).

34.  On several occasions, the dates of which will be discovered through discovery, MCM willingly and knowingly used an automatic telephone dialing system to call Jody on his cellular phone multiple times in violation of the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

35. Around June 2013, MCM contacted Jody on his cellular phone in connection with the collection of the debt.

36. At times, MCM contacted Jody more than once a day on his cellular phone in connection with the collection of the debt.

37. During at least one communication, Jody requested MCM only contact him during a particular time of day.

38. Despite this request, MCM, on multiple occasions, contacted Jody during the time Jody indicated would be inconvenient.

39. On at least one occasion, MCM threatened Jody by telling Jody MCM would garnish Jody's wages if Jody didn't pay the debt.

40. MCM has not garnished Jody's wages.

41. MCM caused Jody severe emotional distress.

## FACTS RELATED TO TIFFANY EVANS

42. Before Midland began contacting Tiffany, it and Tiffany had no prior business relationship and Tiffany had never provided express consent to Midland to be contacted on her cellular telephone.

43. On several occasions, the dates of which will be discovered through discovery, Midland willingly and knowingly used an automatic telephone dialing system to call Tiffany on her cellular phone multiple times in violation of the TCPA.

44. Around June or July 2013, Midland contacted Tiffany on her cellular phone in connection with the collection of her father's debt.

45. During this communication, Tiffany requested Midland cease further calls to Tiffany.

46. Despite this request, Midland contacted Tiffany, on numerous occasions, on her cellular phone in connection with the collection of her father's debt.

47. Midland caused Tiffany severe emotional distress.

48. Midland violated the TCPA.

## FACTS RELATED TO VALERIE CLINE

49. Before MCM began contacting Valerie, it and Valerie had no prior business relationship and Valerie had never provided express consent to MCM to be contacted on her cellular telephone.

50. MCM regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

51. The principal source of MCM's revenue is debt collection.

52. MCM is a "debt collector" as defined by 15 U.S.C. §1692a(6).

53. As described, *infra*, MCM contacted Valerie to collect a debt that was incurred primarily for personal, family, or household purposes.

54. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

55. Valerie is a "consumer" as defined by 15 U.S.C. §1692a(3).

56.  On several occasions, the dates of which will be discovered through discovery, MCM willingly and knowingly used an automatic telephone dialing system to call Valerie on her cellular phone multiple times in violation of the TCPA.

57. Approximately 1½ years ago, MCM began contacting Valerie on her cellular telephone and home telephone in connection with the collection of the debt.

58. On numerous occasions, MCM contacted Valerie more than once a day.

59. During each communication, Valerie requested MCM cease further calls to Valerie.

60. Despite these repeated requests, MCM continued to contact Valerie excessively, most recently in August 2013.

61. On numerous occasions, MCM threatened Valerie by telling her MCM would file a lawsuit against Valerie and garnish her wages if Valerie didn't pay the debt.

62. MCM has not filed a lawsuit against Valerie.

63. MCM never intended to file a lawsuit against Valerie.

64. MCM has not garnished Valerie's wages.

65. MCM never intended to garnish Valerie's wages.

66. Valerie receives Social Security Disability.

67. On more than one occasion, MCM contacted Valerie on her home telephone and Valerie's mother-in-law, ("Mother-in-law"), answered the phone.

68. During these communications, Mother-in-law identified herself to MCM.

69. Despite knowing MCM was speaking with Mother-in-law, MCM disclosed debt to Mother-in-law and in fact, on at least one occasion, MCM attempted to obtain Valerie's checking account information from Mother-in-law.

70. Around the end of August 2013, Valerie notified MCM she was represented by an attorney.

71. MCM caused Valerie severe emotional distress.

72. MCM attempted to collect a debt from Valerie.

73. MCM violated the FDCPA.

### COUNT ONE

Class Action Claim Under the TCPA

74. All Plaintiffs bring this case as a class action on behalf of two subclasses (1) consumer debtors and (2) non-debtor consumers. Both subclasses received calls from Midland's phone system on their cellular phones.

75. Class Actions are the superior method of resolving TCPA claims.

76. Plaintiffs are adequate because they have hired experienced counsel with consumer class action experience and have no interests antagonistic to the class.

77. This Class Action presents claims which are common and typical to the subclasses involving questions that predominate over individual issues such as;

    A.      Whether the Midland's phone system is a ATDS;

    B.      Whether so-called manually dialed calls from Midland's phone system violate the TCPA;

    C.      Whether members of the subclasses are entitled to $1,500 per call for willful violations;

## COUNT TWO

**Violation of the Fair Debt Collection Practices Act for Anita Varner**

78. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

79. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Anita at a time or place known to be inconvenient for Plaintiff.

## COUNT THREE

**Violation of the Fair Debt Collection Practices Act for Anita Varner**

80. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

81. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Anita in connection with the collection of the debt.

## COUNT FOUR

**Violation of the Fair Debt Collection Practices Act for Anita Varner**

82. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

83. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FIVE

**Violation of the Fair Debt Collection Practices Act for Anita Varner**

84. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

85. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT SIX

**Violation of the Fair Debt Collection Practices Act for Jody Heath**

86. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

87. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act for Jody Heath

88. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

89. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT EIGHT

### Violation of the Fair Debt Collection Practices Act for Jody Heath

90. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

91. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT NINE

### Violation of the Fair Debt Collection Practices Act for Jody Heath

92. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

93. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## PRAYER FOR RELIEF

94. Plaintiffs demands a jury and pray for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k for Anita and Jody.

   b. An order enjoining Defendant from placing further telephone calls to cellular telephone numbers pursuant to 47 U.S.C. § 227(b)(3).

c.  Judgment against Defendant for statutory damages pursuant to 47 U.S.C. §

227(b)(3) for each and every call Defendant made in violation of the TCPA for all

Plaintiffs and the subclasses.

RESPECTFULLY SUBMITTED,
Hyslip & Taylor, LLC LPA

By: ____/s/ Arturo Matthews_____
One of Plaintiff's Attorneys

Arturo Matthews, Of Counsel

Hyslip & Taylor LLC LPA
917 W. 18th St., Suite 200
Chicago, IL  60608
312-380-6110